No. 871

DAUGHERTY v. TRUMP BROS RUBBER CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8336. Decided Oct. 31, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

1255. WARRANTY.—Party relying upon express warranty, by way of defense and counterclaim, must show that conditions therein contained were fully complied with.

Error to Municipal Court.
Judgment affirmed.

Bartholomew, Leeper & McGill, Cleveland, for Daugherty.

D. R. Hertz, Cleveland, for Trump Bros. Rubber Co.

FULL TEXT

PER CURIAM:

In the Municipal Court defendant in error, upon a statement of claim, recovered from the plaintiff in error a judgment in the sum of $212.50 for goods sold and delivered by it to plaintiff in error, which sale and delivery occurred on or about September 12, 1925. Plaintiff in error filed a statement of defense and a cross statement of claim. By way of defense to the action, it was alleged that the goods were defective and entirely worthless. By the way of cross statement of claim it was alleged that by reason of the defective quality of the materials used in the tires so delivered and the failure of plaintiff in error to make adjustments according to its agreement, plaintiff in error lost at least ten customers and was damaged in the sum of $1,000.00. He was further required to make adjustments on tires of this shipment which he had sold to his customers to the extent of $225.00, making a total loss which he claimed due him from defendant of $1,225.00.

There was introduced in evidence what is termed by counsel a standard express warranty upon which these goods were sold. This standard express warranty makes it obligatory upon the buyer in case of complaint to

notify defendant in error and also to forward any alleged defective tires to its place of business for examination.

It is conceded in the record that these conditions contained in the standard express warranty were not complied with by plaintiff in error. Since plaintiff in error seeks reliance upon an express warranty both by way of defense to the action and by way of counterclaims, it must appear, in order to make the same operative in favor of plaintiff in error, that the conditions therein contained were fully complied with by plaintiff in error.

We find no error in the judgment of the Municipal Court and it will, therefore be affirmed.

(Sullivan, PJ., Vickery and Levine, JJ., concur.)